# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| **Erna Aletta Cox,**<br>Petitioner,<br><br>v.<br><br>**Kevin Stuart Cox,**<br>Respondent. | Civil Action No. 4:26-cv-2712 |

---

# VERIFIED PETITION FOR RETURN OF CHILDREN
## UNDER THE HAGUE CONVENTION AND ICARA
### (22 U.S.C. § 9003)

---

## I. INTRODUCTION

1. This is an action for the return of children under the **Hague Convention on the Civil Aspects of International Child Abduction** ("Hague Convention") and the **International Child Abduction Remedies Act** ("ICARA"), 22 U.S.C. § 9001 et seq.

2. Petitioner seeks the prompt return of her minor children to **Australia**, their country of habitual residence, following their **wrongful retention** in the State of Texas.

3. This Petition does **not** request a determination of custody, parental fitness, or the best interests of the children. The Court's inquiry is limited to habitual residence, rights of custody, and wrongful retention as defined by the Hague Convention.

---

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to **22 U.S.C. § 9003(a)** and **28 U.S.C. § 1331**.

5. Venue is proper in this District under **22 U.S.C. § 9003(b)** because the children are presently located in **Harris County, Texas**, within this District.

6. Nothing in this Petition shall be construed as a waiver, relinquishment, or limitation of Petitioner's custodial or parental rights, nor as an acceptance of the validity of any state-court orders that are inconsistent with the Hague Convention.

---

# III. THE PARTIES

7. Petitioner is the mother of the minor children. She is an **Australian citizen**, holds an Australian passport, and is domiciled in **Australia**.

8. Respondent is the father of the minor children. He is also an **Australian citizen** and is presently residing in **Texas**.

9. The minor children are **Australian citizens**, hold Australian passports, and were **born in Australia**.

---

# IV. THE CHILDREN

10. The children who are the subject of this Petition are:
    a. **Child 1:** L.B. Cox, born 25/03/2010, Australia
    b. **Child 2:** S.M. Cox, born 18/07/2012, Australia
11. The children are referred to collectively as "the Children."

---

# V. FACTUAL BACKGROUND

## A. Habitual Residence

12. The Children's habitual residence is **Australia**.

13. The Children were born in Australia, are Australian citizens, and resided in Australia prior to a **temporary and visa-limited stay** in the United States. The visa had an end date.

14. Both parents are Australian citizens, and the last place the family lived together as a family unit prior to the events giving rise to this Petition was **Australia**.

15. There was **no shared parental intent** to abandon Australia as the Children's habitual residence or to permanently relocate the Children to the United States.

---

## B. Temporary Nature of the United States Stay

16. The family's presence in the United States arose solely from Respondent's **temporary work assignment**.

17. The parents and Children entered the United States under **non-immigrant visa classifications**, which by law require **temporary intent** and **departure upon expiration**.

18. Petitioner's visa expired, and she was legally required to depart the United States in order to comply with federal immigration law.

---

## C. Custody Rights at the Time of Retention

19. Immediately prior to the wrongful retention, Petitioner held **rights of custody**, including the right to determine the Children's place of residence and education, under existing orders and/or by operation of law.

20. Petitioner was **exercising those custody rights** at the time immediately preceding the retention.

---

## D. Wrongful Retention in Texas

21. After Petitioner's compelled departure from the United States, Respondent retained the Children in **Texas** without Petitioner's consent.

22. The retention was effectuated through **ex parte state-court proceedings** initiated after Petitioner's departure, which prevented the Children's return to Australia.

23. Respondent's retention breached Petitioner's rights of custody under **Australian law**, the law of the Children's habitual residence.

24. The retention was not temporary, not consensual, and not authorized by Petitioner.

---

### E. Respondent's Alleged E-3 / E-3D Visa Status

25. Respondent has alleged in state-court proceedings that he and the Children hold **E-3 and E-3D non-immigrant visas**, issued pursuant to a treaty between Australia and the United States.

26. Petitioner does not concede that such visas were lawfully obtained or maintained, and no determination of immigration status is required for purposes of this Petition.

27. Even assuming arguendo that Respondent's allegation were true, the E-3 / E-3D visa classification is, by law, **temporary** and presupposes an intention to **return to Australia**, not permanent residence in the United States.

28. Respondent's own asserted immigration position is inconsistent with any claim of shared parental intent to abandon Australia as the Children's habitual residence.

---

## VI. LEGAL STANDARD

29. Under **Article 3 of the Hague Convention**, a retention is wrongful where:
    a. it breaches rights of custody attributed under the law of the State of habitual residence; and
    b. those rights were actually exercised at the time of retention.
30. Under **ICARA**, the Court shall order the return of a child wrongfully retained unless the respondent establishes a narrowly defined affirmative defense.
    22 U.S.C. § 9003(e).

31. State-court custody proceedings, immigration considerations, or allegations concerning parental fitness do not defeat a finding of wrongful retention.

---

## VII. AFFIRMATIVE DEFENSES DO NOT APPLY

32. Respondent cannot meet his burden to establish any defense under the Hague Convention, including:
    a. consent or acquiescence (Article 13(a));
    b. grave risk of harm (Article 13(b));
    c. settlement under Article 12; or
    d. a mature child objection sufficient to overcome return.
33. Arguments relating to schooling, length of stay, or local integration do not override the temporary nature of the Children's presence in the United States or Australia's status as their habitual residence.

# VIII. REQUEST FOR RELIEF

Petitioner respectfully requests that the Court:

A. Order the **prompt return** of the Children to **Australia**, their habitual residence, pursuant to the Hague Convention and **22 U.S.C. § 9003**;

B. Order appropriate **provisional measures**, if necessary, to prevent further concealment, transfer, or retention of the Children during the pendency of this action;

C. Award Petitioner **costs and expenses**, including reasonable attorneys' fees, pursuant to **22 U.S.C. § 9007(b)(3)**;

D. Grant such other relief as the Court deems just and proper, consistent with the **summary and non-custodial nature** of Hague proceedings.

---

# IX. VERIFICATION

I, **Erna Aletta Cox**, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: 9th March 2026 At: Perth, Western Australia

---

Respectfully submitted,


**Erna Aletta Cox**
Pro Se Plaintiff
Unit 1, 4 Itea Place, Mindarie
Perth, Western Australia 6030
+61 461 442 499
erna.a.cox@googlemail.com and erna.a.cox@gmail.com


PRO SE Plaintiff